# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TINA M. DOBBINS,**

      **Plaintiff,**

                                                                 **Civil Action 2:18-cv-725**
                                                                 **Judge Michael H. Watson**
      **v.**                                                    **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Tina M. Dobbins ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 12), and the administrative record (ECF No. 8). For the reasons that follow, the undersigned **RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

### I.    BACKGROUND

Plaintiff filed her application for disability insurance benefits and supplemental security income on October 9, 2014, and October 15, 2014, respectively, alleging disability since November 30, 2012. (R. at 315-24.) Plaintiff's application was denied initially and upon

reconsideration. (R. at 231-37, 243-54.) Plaintiff sought a *de novo* hearing before an administrative law judge. Administrative Law Judge Irma Flottman (the "ALJ") held a hearing on June 6, 2017, at which Plaintiff, represented by counsel, appeared and testified. (R. at 145-70.) On January 10, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 88-113.) On May 23, 2018, the Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision. (R. at 1-7.) Plaintiff timely filed this action for review. (ECF No. 1.)

Plaintiff asserts that remand is required because the ALJ mistook a treating physician's opinion as that of a physical therapist and as a result weighed the opinion inappropriately. The undersigned agrees and finds that remand is necessary. The undersigned limits her discussion of the record to evidence bearing on this contention of error.

## II.  RELEVANT RECORD EVIDENCE

**A.  Dr. Shawn A. Bonner**

Dr. Shawn A. Bonner, D.O., served as Plaintiff's primary care physician since as early as August 2014 through the date of the administrative hearing. (R. at 790-838, 855-64, 960-64.) Throughout that period, Dr. Bonner treated Plaintiff for a number of physical and mental health complaints. On April 12, 2017, Rhonda Forestal, P.T., completed a physical capacity evaluation form setting forth various physical and mental limitations. (R. at 788-89.) When prompted to list the name of the doctor completing the form at the top of the first page, Ms. Forestal wrote Dr. Bonner's name. In addition, a second person besides Ms. Forestal signed the form at the bottom of the second page. (R. at 789.) Although this second signature is illegible, the letters "D.O." are clearly visible at the end of the signature. This and the fact that Dr. Bonner's name appears

at the top of the form suggests the signature is that of Dr. Bonner and that he adopted the opinions expressed therein. According to the form, Plaintiff is limited to standing and walking no more than two hours total in an eight-hour work day, but she cannot stand for more than 10 minutes at one time or walk for more than five minutes at one time; she can sit for three hours total out of an eight-hour work day, but for no more than 20 minutes at one time; she can engage in no lifting; she cannot use her right hand at all for grasping, pushing, pulling, or fine manipulation; she cannot bend, squat, crawl, climb steps or climb ladders at all; and she cannot reach above shoulder level at all. In addition, according to this form, Plaintiff's condition would likely deteriorate if she were placed under stress, particularly stress associated with a job. According to the form, Plaintiff is "unable to do activities [because] of pain and instability," and Plaintiff "did attempt most activities but was unable to complete [them]." (R. at 789.)

**B.     The ALJ's Decision**

On January 10, 2018, the ALJ issued her decision. (R. at 91-107.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff has not engaged in substantial gainful

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

3

activity since November 30, 2012. (R. at 94.) The ALJ found that Plaintiff has the severe impairments of degenerative joint disease of both acromioclavicular joints, spondylosis and disc bulging of the lumbar spine, degenerative disc disease of the thoracic spine, fibromyalgia, and obesity. (*Id.*) She further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 96.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk up to six hours in an eight-hour workday; and sit up to six hours in an eight-hour workday. Further, she cannot crawl or climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and climb ramps or stairs. She can frequently balance. She should avoid all exposure to hazards, including operational control of moving machinery and to unprotected heights.

(R. at 98.) In reaching this RFC, the ALJ assigned "little weight" to the April 12, 2017 evaluation form completed by Ms. Forestal and adopted by Dr. Bonner, primarily because of her mistaken belief that the opinions expressed therein were not those of an acceptable medical source. Specifically, the ALJ rejected the evaluation as follows:

> A physical therapist completed a physical capacity evaluation form in April 2017, on which she endorsed selections indicating that the claimant was unable to sit, stand, and walk for more than seven hours total in an eight-hour workday. She also indicated that the claimant was unable to lift or carry anything, could not use her hands for repetitive activities at all, and was expected to deteriorate if placed under

---

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> stress, particularly stress related to a job (Exhibit 18F). A physical therapist's opinions are not entitled to controlling weight under Social Security Rule 96-2p, nor are they treated as "medical opinions." Specifically, Social Security Ruling 96-2p states, "opinions from sources other than treating sources can never be entitled to "controlling weight." A physical therapist is not a "treating source," because 20 C.F.R. §§ 404.1502 & 416.902, defined a "treating source" as a "physician or a psychologist." Physical therapist's opinions are not "opinions" of a "medical source," as defined in 20 C.F.R. §§ 404.1502, 404.1527(a)(2), 416.902 and 416.927(a)(2), nor are they those of an "acceptable medical source," as defined in 20 C.F.R. §§ 404.1513 and 416.913. Because a physical therapist does not qualify under either of these definitions, their opinions are, pursuant to 20 C.F.R. §§ 404.1527 and 416.927, not "medical opinions." Given this, a physical therapist's opinion is considered only as to how it helps in the understanding of how an impairment affects the ability to work. 20 C.F.R. §§ 404.1514(e) and 416.913(e). The results of this classification is that their opinions are viewed in the same manner as "information from other sources" such as observations of non-medical sources, naturopaths, and social welfare agencies. In this case, the claimant has submitted no evidence of examination findings, muscle testing, or radiologic studies to support the physical therapist's opinion set forth on the form. Nor is there any evidence that the physical therapist saw the claimant except on the single occasion of the evaluation, which was performed shortly before the claimant's disability hearing. Her opinion on the claimant's ability to tolerate stress appears to have been offered without the support of any training in mental health assessment or treatment. Therefore, this opinion is given minimal weight.

(R. at 104.) The ALJ did not acknowledge that the form was adopted by Plaintiff's long-time primary care physician, Dr. Bonner.

Relying on testimony from a vocational expert, the ALJ found that Plaintiff is unable to perform any past relevant work, but that there exist jobs in significant numbers in the national economy that Plaintiff is able to perform. (R. at 24, 25.) The ALJ therefore concluded that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (R. at 26.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

5

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

The undersigned finds that remand is appropriate because the ALJ improperly weighed the April 12, 2017 evaluation adopted by Plaintiff's treating physician, Dr. Bonner. The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c). The applicable regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

The ALJ generally gives deference to the opinions of a treating source "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical filings alone . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion

7

with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion.

*Id*. Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted). The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45. Thus, the reason-giving requirement is "particularly important when the treating physician has diagnosed the claimant as disabled." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (citing *Rogers*, 486 F.3d at 242). There is no requirement, however, that the ALJ "expressly" consider each of the *Wilson* factors within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that, under *Blakley* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision).

Finally, the Commissioner reserves the power to decide certain issues, such as a

8

claimant's residual functional capacity. 20 C.F.R. § 404.1527(d). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s)," opinions on issues reserved to the Commissioner are generally not entitled to special significance. 20 C.F.R. § 404.1527(d); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Here, the ALJ failed to appreciate that the opinions expressed in the April 12, 2017 evaluation form were adopted by Dr. Bonner and as a result failed to evaluate the opinions under the treating-physician framework set forth above. Instead, the ALJ improperly concluded that the opinions expressed in the form were not from an acceptable medical source and rejected them on that basis. (R. at 104.) In addition, the ALJ rejected the opinions on the grounds that Ms. Forestal only saw Plaintiff once and because her opinion regarding Plaintiff's ability to withstand stress was rendered even though she provided no mental health treatment to Plaintiff and apparently had no mental health training. These reasons would not justify rejecting the opinions had the ALJ appreciated that they were endorsed by Dr. Bonner, Plaintiff's long-time treating physician who provided mental health treatment to Plaintiff. Under these circumstances, the undersigned finds that remand is necessary.

The Commissioner advances several arguments to the contrary, none of which is persuasive. First, the Commissioner questions whether the form was adopted by Dr. Bonner at all, pointing out that the second signature on the form is illegible. (Op. at 10-11, ECF No. 12.) Still, there can be no doubt that a second person signed the form or that Dr. Bonner's name clearly appears at the top of the first page in the space provided for the provider completing the form to list his or her name. (R. at 788.) Moreover, while one cannot discern a name from the second signature, the latter part of the signature clearly consists of the letters "D.O.," which is

9

consistent with Dr. Bonner's specialty. These circumstances strongly suggest Dr. Bonner is the second person who signed the form, thereby adopting the opinions set forth therein. Thus, although the undersigned agrees with the Commissioner that, as the fact finder, the ALJ could decline to find that Dr. Bonner is the second person that signed the evaluation form, that is not what happened here. Rather, the ALJ apparently failed to appreciate that a second person endorsed the opinions set forth in the form at all, much less consider who that second person might be, and as a result failed to provide a reason for attributing the evaluation solely to Ms. Forestal. *Cf. Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))).

  The Commissioner next contends that any error by the ALJ in failing to weigh the evaluation as a treating physician's opinion was harmless. The *Wilson* Court considered three possible scenarios that could lead the Court to a finding of harmless error. 378 F.3d at 547. First, the Court indicated that harmless error might occur "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it . . . ." *Id.* Second, the Court

noted that if the ALJ's decision was "consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Id.* Finally, *Wilson* considered the possibility of a scenario "where the Commissioner has met the goal of § 1527(d)(2)–the provision of the procedural safeguard of reasons–even though she has not complied with the terms of the regulation." *Id.* For example, the ALJ's analysis might satisfy the goal of § 1527(d)(2) by "indirectly attacking" the treating physician's opinion, even if the ALJ failed to fully explain why the opinion was accorded little weight. *See Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006). Since *Wilson*, the Sixth Circuit has continued to conduct a harmless error analysis in cases in which the claimant asserts that the ALJ failed to properly apply the treating physician framework. *See, e.g.*, *id.* (finding that even though the ALJ failed to meet the letter of the good-reason requirement the ALJ met the goal by indirectly attacking the consistency of the medical opinions); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 749 (6th Cir. 2007) (finding that the facts did not satisfy potential harmless error justifications).

Here, the Commissioner first contends that any error by the ALJ was harmless because the April 12, 2017 evaluation was so patently deficient that the ALJ could not possibly have credited it at all. Specifically, the Commissioner asserts that the evaluation consists of only conclusory opinions and that "[a]n ALJ can properly reject a treating physician's opinion that lacks any meaningful explanation." (Op. 16, ECF No. 12.) As an initial matter, however, the evaluation form does contain explanation in the last paragraph, namely that the limitations resulted from Plaintiff's "pain and instability." (R. at 789.) The evaluation form also suggests that the limitations were based on observations of Plaintiff attempting to perform certain

11

activities. *Id.* ("P[atient] did attempt most activities but was unable to complete."). Thus, while the evaluation form does not contain detailed analysis after each opined limitation, the undersigned cannot conclude that it is so lacking in explanation that the ALJ could not possibly credit it at all in her analysis on remand. *See Perry v. Acting Comm'r of Soc. Sec.*, No. 17-cv-13386, 2019 WL 759289, *6 (E.D. Mich. Jan. 23, 2019) (rejecting the assertion that an opinion was so patently deficient so as to render error harmless where it contained some explanatory analysis). This is particularly the case because Dr. Bonner treated Plaintiff for many years and almost every reason that was actually identified by the ALJ for rejecting the opinions set forth in the form simply do not apply to Dr. Bonner.

In addition, the undersigned notes that at least some objective medical evidence could support a finding that Plaintiff is limited in the areas set forth on the form. For example, on various examinations, Plaintiff presented with abnormal gait and decreased range of motion of the cervical and lumbar spine. (*See*, *e.g.*, R. at 431, 469, 886, 892, 896, 916, 948.) She has also presented with tenderness of various areas on exam and has had positive straight-leg raising tests. (*See*, *e.g.*, R. at 452, 469, 906, 911, 916, 921, 926, 931, 940.) Radiological exams have yielded abnormal findings of the lumbar spine. (R. at 430, 436.) In addition, Plaintiff has consistently complained to Dr. Bonner and others of pain all over her body, including in her shoulders, back, neck, knees, and other areas that increases with standing, walking, moving, and other activities. (R. at 808, 811, 819, 823, 835, 857, 945, 950, 960.) Although the Commissioner contends that Dr. Bonner's treatment notes fail to support the opinions expressed in the form, the undersigned notes that Dr. Bonner consistently treated Plaintiff for fibromyalgia, pain, depression, and anxiety with medications. The existence of some consistent evidence

weighs against a finding that the evaluation form is patently deficient. *See Perry*, 2019 WL 759289 at *5 (treating physician's opinion not patently deficient where "at least some objective medical evidence appears to support [the opinion]"); *Miller v. Berryhill*, No. 3:16-cv-00094, 2017 WL 1021313, *9 (S.D. Ohio Mar. 16, 2017) (finding an opinion was not patently deficient where "[t]he record . . . contains evidence consistent with [the] opinion"); *Congrove v. Comm'r of Soc. Sec.*, No. 2:15-cv-2630, 2016 WL 3097153, *5 (S.D. Ohio June 3, 2016) ("If treatment notes support the physician's findings, an opinion is not patently deficient"); *see also Sisk v. Astrue*, No. 1:09-cv-220, 2010 WL 3522307, at *9 (E.D. Tenn. Aug. 20, 2010) ("[I]f a treating physician's opinion is consistent with the objective medical evidence, the opinion is not patently deficient."). Thus, the undersigned cannot conclude that the April 12, 2017 evaluation is so woefully inadequate that it fails to surpass what has been described as a "low 'patently deficient' threshold." *Perry*, 2019 WL 759289 at *5.

The Commissioner next contends that any error by the ALJ was harmless because the ALJ indirectly attacked the April 12, 2017 evaluation form by discussing other record evidence that contradicts the opinions set forth therein. (Op. 12-15, ECF No. 12.) The undersigned disagrees. Rather, the ALJ directly attacked the evaluation primarily for reasons that would not apply to Dr. Bonner. Although the Commissioner correctly points out that the ALJ also stated that "[Plaintiff] has submitted no evidence of examination findings, muscle testing, or radiologic studies to support the [evaluation]," the ALJ stated in the very next sentence that Ms. Forestal had not seen Plaintiff except on that one occasion to complete the evaluation. (R. at 104.) Thus, it is not clear from this single sentence if the ALJ considered whether the opinions were supported by other provider's treatment records, including Dr. Bonner's, or if she was merely

13

pointing out that Plaintiff had not provided additional treatment records for Ms. Forestal to support her opinions. Nor did the ALJ otherwise analyze the opinions in the context of being from Dr. Bonner. Particularly given Dr. Bonner's lengthy history treating the Plaintiff, the undersigned cannot conclude that the ALJ sufficiently addressed the opinion indirectly, such that the goal of § 1527(d)(2) has been satisfied.

Finally, the Commissioner maintains that the ALJ's error was harmless because the April 12, 2017the mista evaluation is not supported by the record. Accepting the Commissioner's position, however, would require this Court to weigh the evidence, which is a task reserved to the ALJ. Relatedly, the Commissioner contends that "it is clear that the ALJ would never have credited Dr. Bonner's [opinion]," and that "remanding this case simply for the ALJ to explain this would be a waste of administrative resources." (Op. 18, ECF No. 12.) But as the United States Court of Appeals for the Sixth Circuit has recognized:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion, thus, a different outcome on remand is unlikely. A procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway. To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Wilson*, 378 F.3d at 546.

For all of these reasons, the undersigned concludes that the ALJ's failure to appropriately weigh the April 12, 2017 medical source opinion, which was adopted by Plaintiff's long-time treating physician, Dr. Bonner, amounts to reversible error.

## V. CONCLUSION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE